UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-331-KSF

WANDA JEAN WHITAKER                                                                           PLAINTIFF

v.                                               **OPINION & ORDER**

MICHAEL J. ASTRUE, Commissioner
of Social Security                                                                            DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the plaintiff, Wanda Jean Whitaker, for attorneys' fees and costs. [DE #10]. The defendant, Michael J. Astrue, Commissioner of Social Security, has filed his response objecting to Whitaker's motion. [DE # 11] For the reasons set forth below, Whitaker's motion for attorneys' fees and costs will be denied.

## I.     PROCEDURAL HISTORY

On September 25, 2007, Whitaker filed her complaint in this Court seeking review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). Before answering, the Commissioner moved this Court on December 12, 2007, to remand the matter upon a showing of good cause under sentence six of 42 U.S.C. § 405(g) on the grounds that the record before the administrative law judge contained evidence that did not relate to Whitaker, which the ALJ mistakenly relied upon in rendering the final agency decision.

By order of December 13, 2003, this Court granted the Commissioner's motion and remanded the matter pursuant to sentence six of 42 U.S.C. § 405(g). The Court did not enter a final judgment.

Whitaker now moves the Court for an award of attorneys' fees and costs pursuant to the

---

Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B). Specifically, Whitaker argues that she has incurred costs and legal expenses in pursuing this appeal and that as the prevailing party she is entitled to recover these costs and expenses.

## II.   THE EQUAL ACCESS TO JUSTICE ACT

Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412(d)(1)(A) and (B), attorneys fees and other expenses may be awarded against the government provided that:

(1)   the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States;

(2)   an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of final judgment in the action;

(3)   the position of the government is not substantially justified; and

(4)   no special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) and (B). The absence of any one of these factors precludes an award under EAJA.

In this case, the matter was remanded to the Commissioner, before answer, based on a showing of good cause. The Court did not enter a final judgment and the remand is clearly pursuant to sentence six of 42 U.S.C. § 405(g).[1] A remand pursuant to sentence six will subsequently entail

---

[1] The sixth sentence of 42 U.S.C. § 405(g) provides in full:
The Court may, on motion of the Commissioner of Social Security made for good cause shown before the commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and

(continued...)

post-remand review by the district court of the Commissioner's additional or modified findings of fact and decision. *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). This Court retains jurisdiction while this matter is on remand to the Commissioner, and "the filing period [for purposes of EAJA] does not begin until after the post-remand proceedings are completed, the [Commissioner] returns to [C]ourt, the [C]ourt enters a final judgment, and the appeal period runs." *Shalala v. Schaefer*, 509 U.S. 292, 297-998 (1993). Inasmuch as the Court has yet to enter final judgment and Whitaker is not a prevailing party, her motion is premature and will be denied.

### III. CONCLUSION

For the reasons set forth above, the Court **HEREBY ORDERS** that Whitaker's motion for attorneys' fees and costs [DE # 10] is **DENIED**.

This February 26, 2008.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge

---

[1](...continued)
decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.